IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKIE JEFFERSON,

                Plaintiff,

v.

BRANDON KUHL,

                Defendant.

OPINION and ORDER

18-cv-745-jdp

---

Plaintiff Rickie Jefferson, appearing pro se, is an inmate at Fox Lake Correctional Institution. Jefferson brings this lawsuit, alleging that his criminal defense attorney violated his rights by failing to provide him with effective assistance of counsel. He has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1), as previously directed by the court.

The next step is for me to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Jefferson is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

But even applying this standard, I must dismiss the case because Jefferson's allegations do not support a type of claim that this court can hear. Jefferson says that Kuhl provided him with ineffective assistance of counsel in June 2017 at the Dane County Public Safety Building. My search of the state's electronic circuit court database, https://wcca.wicourts.gov, shows that Jefferson was represented by defendant Kuhl at the preliminary stages of Dane County case

no. 2017CF1253, a case in which Jefferson was charged with physical abuse of a child and ultimately pleaded guilty to battery.

But Jefferson cannot bring a federal claim under 42 U.S.C. § 1983 against Kuhl as his defense counsel because defense attorneys are not "state actors" for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Swaggerty v. Trevarthen*, 715 F. App'x 556, 558 (7th Cir. 2018). What Jefferson really seems to be bringing is a legal malpractice claim against Kuhl, but that is a state-law claim that he cannot bring in this federal court unless he were to show that the requirements for the court's diversity jurisdiction are met. But he alleges that both he and Kuhl are Wisconsin citizens, so the requirements are not met. *See* 28 U.S.C. § 1332. Accordingly, I will dismiss the case. Jefferson remains free to file his lawsuit in state court.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for lack of subject-matter jurisdiction.

2. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered October 16, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge